**FILED**
JUL 16 2009
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARLTON B. CHATMON, | : |
| Petitioner, | : |
| v. | : Civil Action No. **09 1319** |
| UNITED STATES, | : |
| Respondent. | : |

## MEMORANDUM OPINION

Petitioner states that he is serving a term of 20 to 60 months' imprisonment imposed by the Superior Court of the District of Columbia on January 25, 2008. Pet. ¶ 10. He alleges that he is unlawfully held in custody because the sentence imposed violates the Sentencing Reform Act of 2000, *id.*, which in relevant part requires that "[a] sentence . . . shall be for a definite term." D.C. Code § 24-403.01(c). A challenge of this nature must be brought by motion in the Superior Court under D.C. Code § 23-110. In relevant part D.C. Code § 23-110 provides:

> [An] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). "Section 23-110 has been found to be adequate and effective because it is coextensive with habeas corpus." *Saleh v. Braxton*, 788 F. Supp. 1232 (D.D.C. 1992). It is settled that "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention'" *Byrd v.*

1

*Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997) (internal footnote omitted); *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986). A prisoner's lack of success in his previous attempts to collaterally attack his conviction and sentence by means of a motion under D.C. Code § 23-110(g) does not render this remedy inadequate or ineffective. *See Wilson v. Office of the Chairperson*, 892 F. Supp. 277, 280 (D.D.C. 1995).

Accordingly, the Court will dismiss the petition without prejudice. An Order consistent with this Memorandum Opinion will be issued separately on this date.

/s/ Paul L. Friedman
United States District Judge

Date: 7/8/09